IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BERNABÉ TEJADA-BATISTA,

Plaintiff

v.

CIVIL 97-1430(JAG)(JA)

JOSÉ FUENTES-AGOSTINI, et al.,

Defendants

RECEIVED & FILED
03 JUN 10 PM 1:19
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

## OPINION AND ORDER

Before the court is co-defendant José Fuentes-Agostini's motion for reconsideration of the denial of an award of attorney's fees. (Docket No. 192.) Co-defendant moves the court to reconsider its opinion and order issued on May 29, 2003 (Docket No. 191) where the court denied his motion for said award. Given that co-defendant's previous motion for attorney's fees failed to include a contemporaneous and detailed accounting of the hours worked by counsel, I denied the award without considering the merits of such petition. Co-defendant attached the accounting of the hours worked by his counsel to the present motion for reconsideration, thus I consider the merits of co-defendant's motion. Nevertheless, for the reasons explained below, co-defendant's motion is DENIED.

## I. BACKGROUND

Above plaintiff, Bernabé Tejada-Batista, brought the instant action under 42 U.S.C. § 1983, seeking damages and equitable relief after he was discharged from the Department of Justice where he worked as an agent for the Special Investigations Bureau ("SIB"). Plaintiff alleged that he was retaliated against for certain denouncements he made of corruption and misconduct within the SIB and that were published in two separate newspaper articles. The articles named plaintiff as the source for said information. He



193

claims that his termination was unlawful and in violation of the rights guaranteed to him by the First Amendment of the United States Constitution.

The case was tried before a jury on February 24, 25, and 26, 2003. At the close of plaintiff's evidence, co-defendant Fuentes-Agostini moved for judgment as a matter of law under Federal Rule of Civil Procedure 50. I granted co-defendant's motion finding that the evidence presented by plaintiff was insufficient to justify submitting the claim against Fuentes-Agostini to the jury and dismissed the case as to him. See Tejada-Batista v. Fuentes-Agostini, 251 F. Supp. 2d 1048, 1053-54 (D.P.R. 2003). The jury subsequently returned a verdict in favor of plaintiff and against two of the remaining co-defendants.

José Fuentes-Agostini now moves for an award of attorney's fees pursuant to 42 U.S.C. § 1988, claiming that as the prevailing party on motion for judgment as a matter of law, he is entitled to said award. His original motion was received in my chambers without an attached memorandum detailing a contemporaneous accounting of the hours worked by counsel. Co-defendant claims to have submitted said memorandum and I don't have a reason to doubt such representation. Therefore, I proceed to consider the appropriateness of an award of attorney's fees to co-defendant Fuentes-Agostini, finding that said award is not warranted under the facts of this case.

## II. DISCUSSION

### A. The Standard under 42 U.S.C. § 1988 for Prevailing Defendants

In civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception. See Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 10 (1st Cir. 1999) (citing Casa Marie Hogar Geriátrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994)). In its discretion, a district court may award attorney's fees to a prevailing defendant but only upon a finding that the claim brought against said defendant was frivolous, unreasonable or without foundation even

though not brought in bad faith. See Christianburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978); see also Tang v. R.I., Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998). "Prevailing defendants, under this heightened standard, have a more difficult showing to make to obtain attorney's fees than do successful plaintiffs." Bercovitch v. Baldwin Sch., Inc., 191 F.3d at 10. In determining whether the standard has been met by a prevailing defendant, the court must assess the claim at the time the complaint was filed and avoid the *post-hoc* reasoning that because plaintiff did not ultimately prevail, the claim must have been frivolous or unfounded. See Tang v. R.I., Dep't of Elderly Affairs, 163 F.3d at 13. With this standard in mind I consider the arguments of the parties.

B. Arguments of the Parties

Co-defendant Fuentes-Agostini claims that he is the prevailing party within the meaning of section 1988. He also argues that as the prevailing party, he is entitled to an award of attorney's fees because plaintiff filed a frivolous and vexatious lawsuit against him, with unreasonable contentions and without foundation. It is also Fuentes-Agostini's contention that in this case "plaintiff clearly incurred in conduct which caused unnecessary and vexatious litigation to be incurred by the defendant." (Docket No. 188, at 5, ¶ 14.) According to him, plaintiff knew early in the litigation that a claim against him was groundless. Thus he requests an award of attorney's fees in the amount of $34,152.50 (359.25 hours worked at a rate of $125.00 an hour).

Plaintiff opposes such an award. (Docket No. 189.) It is plaintiff's position that the claim filed was not frivolous and that continuing to pursue a claim against Fuentes-Agostini was reasonable. Moreover, according to plaintiff, even when the court found that the evidence presented at trial was insufficient as to co-defendant Fuentes-Agostini to submit the case to the jury, that fact alone is also insufficient for a finding that at the time of the filing of this lawsuit and its subsequent prosecution, plaintiff insisted in pursuing

unfounded claims. Finally, plaintiff contends that even if the claims are found to be groundless, the court should still use its discretion and deny the award.

C. Analysis

As previously stated, an award of attorney's fees to a prevailing defendant depends on the initial finding that the claims in which the co-defendant ultimately prevailed were frivolous, unreasonable and without foundation. See Christianburg Garment Co. v. E.E.O.C., 434 U.S. at 421; see also Hughes v. Rowe, 449 U.S. 5, 14 (1980). In determining whether this standard has been met, the court must assess the claim at the time it was filed, avoiding an after-the-fact reasoning that because plaintiff did not ultimately prevail the claim must have been frivolous. See Tang v. R.I., Dep't of Elderly Affairs, 163 F.3d at 13 (citing Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1192 (1st Cir. 1996)).

From a review of plaintiff's complaint at the time it was filed, I cannot conclude that it was completely meritless and unfounded. At the time of the filing of the complaint, plaintiff had a termination letter with co-defendant Fuentes-Agostini's signature on it. The letter stated that he was being terminated due to his domestic violence conviction. Believing that the reasons given were a subterfuge for the real motivations co-defendant had in discharging him, plaintiff brought suit. It was not completely unreasonable for plaintiff, with the knowledge he had at the time, to seek and challenge the real motivations co-defendant Fuentes-Agostini had for the dismissal. It was reasonable for plaintiff to impute to Fuentes-Agostini the same knowledge about the publications that he was imputing to the other co-defendants.

Moreover, plaintiff's claim survived a motion to dismiss filed by co-defendant Fuentes-Agostini and subsequent motions for summary judgment filed by all of the co-defendants. (See Docket No. 66.) See also Tejada-Batista v. Fuentes-Agostini, 87 F. Supp.

2d 72 (D.P.R. 2000) (Fuste, J.) In every instance, the court found that the plaintiff had alleged sufficient facts to survive dismissal and that the case presented issues that needed resolution by the trier of fact. Said findings included determinations as a matter of law that plaintiff's speech involved matters of public concern that outweighed the government's interest in curtailing speech and a finding that the issue of qualified immunity could not be resolved without the resolution of factual questions. See Tejada-Batista v. Fuentes-Agostini, 247 F. Supp. 2d 73 (D.P.R. 2003). It was not until the presentation of evidence at trial that the court was left without other option but to dismiss the case against Fuentes-Agostini due to plaintiff's failure to establish that co-defendant had any knowledge of plaintiff's protected expressions. See Tejada-Batista v. Fuentes-Agostini, 251 F. Supp. 2d at 1053-54. Such deficiency does not establish in and of itself the frivolousness of the claim against co-defendant. As the Supreme Court has instructed, when looking through the glass of hindsight, it is easy to engage in the more simplistic reasoning that if plaintiff was ultimately unsuccessful, his or her claims must have been unfounded. The court further stated that this would:

> discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christianburg Garment Co. v. E.E.O.C., 434 U.S. at 422. Because plaintiff's claims against co-defendant Fuentes-Agostini were not frivolous and vexatious at the time the complaint was filed and throughout the litigation, I find that defendant's motion for attorney's fees must be DENIED.

In any event, the court retains significant discretion to deny a fee award after considering all the nuances of a case and even after a finding of frivolity. See Tang v. R.I., Dep't of Elderly Affairs, 163 F.3d at 15. In other words, a determination that a complaint was frivolously filed, does not require *a fortiori* an award of attorney's fees to a prevailing defendant. See id.; see also Andrade v. Jamestown Hous. Auth., 82 F.3d at 1193 (holding that the district court may deny an award of attorney's fees to a prevailing defendant after considering plaintiff's financial condition).

Thus, even assuming for the sake of argument that the claim against Fuentes-Agostini was frivolous, I find that the award of attorney's fees should still be denied. Plaintiff's financial condition is weak. After being discharged from the Department of Justice, he evidenced having significant trouble to secure new employment. The award of damages in this case was conservative in light of its longevity, and all the time that elapsed between the filing of the complaint and the final adjudication (plaintiff failed to earn his SIB agent salary for over six years). Said delay was in part caused by co-defendant Fuentes-Agostini's repeated attempts to avoid trial and the filing of motions for summary judgment even after the court had stated that it would not entertain any more such motions. An award of attorney's fees in said context would be inequitable.

CONCLUSION

Prevailing defendants have a more difficult showing to make than do successful plaintiffs with respect of attorney's fees in civil rights cases. Bercovitch v. Baldwin Sch., Inc., 191 F.3d at 10. In view of the above, I find that no showing has been made as to co-defendant's entitlement to an award of attorney's fees for I do not find that the claim against Fuentes-Agostini was frivolous or unfounded at the time the complaint was filed. Similarly, even if frivolous, the nuances of this case, including plaintiff's financial

condition, dictate that no such award should be granted. Consequently, the co-defendant's motion must be and is hereby DENIED.

SO ORDERED

In San Juan, Puerto Rico, this 6th day of June, 2003.

JUSTO ARENAS
United States Magistrate Judge